**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLA JO MORGAN,

Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

Defendant - Appellee.

No. 13-16537

D.C. No. 1:12-cv-00470-LJO-SMS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted October 22, 2015
San Francisco, California

Before: PAEZ, MURGUIA, and HURWITZ, Circuit Judges.

Carla Jo Morgan appeals the district court's judgment affirming the

Commissioner of Social Security's decision to deny her application for Disability

Insurance Benefits and Supplemental Security Income under Titles II and XVI of

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the Social Security Act, 42 U.S.C. §§ 401–34, 1381–83f. This Court has jurisdiction under 28 U.S.C. § 1291. For the reasons that follow, we vacate the district court judgment and remand with instructions to remand to the agency for further proceedings.

We review a district court's order affirming an Administrative Law Judge (ALJ)'s denial of disability benefits de novo. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The agency's determination must stand unless it "was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id.* (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 2008)).

Social Security Administration regulations establish a five-step inquiry to determine a claimant's entitlement to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the ALJ denied Morgan benefits after concluding at step four that her impairments allowed her to perform her past work as a secretary. In evaluating Morgan's ability to work (her "residual functional capacity"), the ALJ credited the opinion of a consulting agency physician, Dr. K. Vu, who determined that Morgan could only engage in "fingering" and "handling" activities for approximately two-thirds of a typical eight-hour work day. To determine the specific demands of Morgan's former work as a secretary, the ALJ relied on

Morgan's description of that work as she actually performed it, *see* SSR 82-61, 1982 WL 31387 (1982), in which Morgan stated that the job required her to write, type, and handle small objects for as many as eight hours a day. The ALJ did not alternatively examine the demands of the job "as ordinarily required by employers throughout the national economy." *Id*. Because the ALJ failed to address or resolve the conflict between Morgan's description of her job and Dr. Vu's assessment of her capability, we vacate the district court's judgment and remand with instructions to remand to the Commissioner of Social Security. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1104–05 (9th Cir. 2014) (remanding to the agency to resolve inconsistencies in the record).

We reject Morgan's three additional challenges to the ALJ's decision. First, although the ALJ failed to discuss a psychologist's findings about Morgan's mental functioning, any error was harmless because the mild mental difficulties identified would not prevent Morgan from doing her past secretarial work. *See Molina*, 674 F.3d at 1111 ("[W]e may not reverse an ALJ's decision on account of an error that is harmless.").

Second, substantial evidence supports the ALJ's conclusion that Morgan's subjective statements about her pain symptoms were not credible "to the extent they are inconsistent with the . . . residual functional capacity assessment" as

supported by objective medical evidence. As the ALJ noted, Morgan was jailed for altering a prescription to obtain more pain medication, and her medical records note that she often tried to refill her medication faster than prescribed and did not follow her treating physician's orders regarding their use. These facts substantially support the ALJ's adverse credibility finding.

Third, Morgan argues that the results of MRI brain scans, submitted to the Appeals Council after the ALJ's decision, deprive the ALJ's decision of substantial evidence. Morgan waived this argument by failing to raise it in the district court. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). Even if not waived, the argument would fail, because the MRI results do not show that the damage has caused limitations that the ALJ failed to consider.

**VACATED AND REMANDED.**

Each party shall bear its own cost on appeal.